IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEVEN PAUL FURLONG, | CV 14-00074-BU-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| K. SUMMERS, NURSE MIKE, and MIKE BATISTA, | |
| Defendants. | |

Plaintiff Steven Furlong filed a Complaint on April 23, 2014 alleging that Defendants had been deliberately indifferent to his serious medical needs. The Court reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a) and considered whether it was frivolous, malicious, failed to state a claim, or sought solely monetary relief from a defendant who was immune. *See* 28 U.S.C. § 1915A(b). The Court determined that Furlong's allegations failed to state a claim upon which relief may be granted but gave Furlong an opportunity to file an amended complaint. (Doc. 10.)

Furlong filed an Amended Complaint on December 22, 2014 (Doc. 11) but failed to correct the deficiencies identified in the Court's prior Order. The case will be recommended for dismissal.

1

As discussed in the prior Order, to state an Eighth Amendment claim for denial of medical care a plaintiff must set forth sufficient facts to demonstrate deliberate indifference to a serious medical need. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). The Court previously found that Furlong had not alleged a conscious disregard for his health. The Court pointed out that Nurse Mike diagnosed Furlong's leg problems as cellulitis and apparently chose an alternative course of treatment. The Court found that even if this alternative course of treatment did not work, it was insufficient to allege a denial of medical care claim under the Eighth Amendment. *See Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)("[m]ere indifference, negligence, or medical malpractice will not support" an Eighth Amendment deliberate indifference claim). Furlong presented no new and/or different allegations against Nurse Mike in his Amended Complaint.

The only specific non-conclusory allegations against Nurse Summers in the original complaint were that she failed to have Furlong seen by a specialist while he was the Butte-Silver Bow County Jail and that she threatened him with prison if he filed a medical grievance at S.T.A.R.T. (Doc. 2-1 at 1.) The Court previously found that Nurse Summers did not deny Furlong's request to see a specialist. Rather, on March 10, 2014, she indicated that appointments with specialists must

be approved by the Department of Corrections. (Doc. 2-1 at 4.) Furlong filed his Complaint on April 23, 2014 and it is not clear whether he was in fact denied an appointment with a specialist. Furlong did not raise sufficient allegations in his original Complaint to state a deliberate indifference claim and he has not raised any new or additional claims against Nurse Summers in his Amended Complaint. As such, he has failed to state a claim for relief against Nurse Summers.

Furlong's only allegation against Director Batista in the original complaint was that Batista was made aware of Furlong's medical problem and failed to respond to his letter. The Court found these allegations to be insufficient to establish deliberate indifference. As no new or additional allegations were raised against Director Batista in the Amended Complaint, Furlong has failed to state a claim against Director Batista.

In his Amended Complaint, Furlong makes conclusory allegations that he was denied medical care as a cost savings measure but he provides no factual allegations to support this claim. He makes a general allegation that he received no meaningful medical attention for his leg for six months. (Amended Complaint, Doc. 11 at 2.) But as set forth in the Court's prior Order, Furlong was in the custody of the Department of Corrections from November 2013 until May 8, 2014, approximately six months. During that time, he was seen at least once by Nurse

Mike at S.T.A.R.T., at least twice by medical personnel at the Butte-Silver Bow County Jail, at least once in the St. James Hospital emergency room, and at least once by Nurse Summers at S.T.A.R.T. (Doc. 10 at 8.) His factual allegations in his original Complaint contradict the general allegation of no medical treatment raised in his Amended Complaint.

Furlong did not allege a conscious disregard for his health in his Complaint or his Amended Complaint. His scant allegations are insufficient to establish deliberate indifference on the part of Defendants. Construing Furlong's pleadings liberally, he has not alleged deliberate indifference to a serious medical need.

This matter should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Because Mr. Furlong failed to state a claim, the dismissal of this matter should be a strike under 28 U.S.C. §1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the

district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Changes**

At all times during the pendency of this action, Mr. Furlong must

5

immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  Mr. Furlong failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Furlong may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 26th day of March, 2015.


_/s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.